Danielle **JEFFRIES**, Plaintiff,

v.

**DELOITTE TOUCHE TOHMATSU INTERNATIONAL**, Defendant.

No. 94–CV–3775.

United States District Court,
E.D. Pennsylvania.

July 11, 1995.

456

H. Francis deLone, Jr., Philadelphia, PA, for plaintiff.

Thomas P. Preston, Deborah Tate Pecci, Paula T. Ryan, Duane, Morris & Heckscher, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

We address today two outstanding motions in this employment discrimination case. The

first is filed pursuant to Fed.R.Civ.P. 56(f), in which Plaintiff Danielle Jeffries asks the Court to continue consideration of Defendant Deloitte Touche Tohmatsu International's ("DTTI") motion for summary judgment, so that she might conduct additional discovery. The second motion is DTTI's request for an order awarding it summary judgment. For the reasons that follow, Ms. Jeffries' request for a continuance will be denied, and DTTI's motion for summary judgment will be granted.

## I. BACKGROUND

Plaintiff Danielle Jeffries filed a complaint in this Court on June 17, 1994, alleging that DTTI unlawfully discriminated against her on account of her race. On November 2, 1994, DTTI responded with a motion to dismiss, in which it claimed it never employed Ms. Jeffries. Along with its Rule 12(b)(6) motion, DTTI submitted the affidavit of its Chief Operating Officer ("COO"), who stated that DTTI is a Swiss Verein[1] that provides coordination services among its member firms, one of which is Deloitte & Touche. On January 6, 1995, this Court issued an Order in which we advised Ms. Jeffries that in light of DTTI's affidavit, we would convert DTTI's motion into one for summary judgment, pursuant to Rule 12(b).[2] In addition, we allowed Ms. Jeffries 30 days in which to submit materials sufficient to create an issue of fact regarding whether DTTI was her employer. The case was placed in the civil suspense file from January 19 through May 16, 1995. Then, on May 22, 1995, we issued a scheduling order in which we commanded the parties to conclude discovery by August 21, 1995.

On June 1, 1995, Ms. Jeffries submitted a supplemental memorandum in opposition to DTTI's motion for summary judgment in which it requested, under Rule 56(f), a con-

tinuance of the summary judgment motion so that more discovery could be conducted on the issue of the alleged employment relationship. In an attached affidavit, Ms. Jeffries states that letterhead and business cards given to her alleged employer bore the name Deloitte Touche Tohmatsu International. Further, she asserts that she is "not presently able to present by affidavit or by other means detailed additional evidence contradictory of defendant's claim that it was not [her] employer." In response, DTTI argues that the nature of the relationships among DTTI, Deloitte & Touche, and Ms. Jeffries is clear from the evidence submitted thus far, and that to engage in additional discovery on the issue would be to burden DTTI needlessly.

## II. DISCUSSION

### A. Rule 56(f)

Ms. Jeffries' request for a continuance is filed pursuant to Rule 56(f), which provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Fed.R.Civ.P. 56(f). It is within the trial court's discretion to determine whether the justification a plaintiff presents warrants the continuance of a summary judgment motion. *Lunderstadt v. Colafella,* 885 F.2d 66, 71–72 (3d Cir.1989); *Hancock Indus. v. Schaeffer,* 619 F.Supp. 322, 327 (E.D.Pa.1985) (citing *Mid–South Grizzlies v. National Football League,* 720 F.2d 772 (3d Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2657, 81

---

1. According to the affidavit, a Swiss Verein is an entity without an exact legal counterpart in the United States, but which is somewhat akin to an incorporated membership association. It is legally distinct from its members.

2. Rule 12(b) provides, in pertinent part, as follows:

   If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to

state a claim upon relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

458

L.Ed.2d 364 (1984)). In exercising our discretion, we are aware that Rule 56(f) motions are routinely granted in cases where the information sought is *"solely* in possession of" the party seeking summary judgment. *Contractors Ass'n v. City of Philadelphia,* 945 F.2d 1260, 1263 (3d Cir.1991) (emphasis added). However, there are a number of exceptions to this general rule. Indeed, where a plaintiff's Rule 56(f) motion is "based on pure speculation and raises merely colorable claims" regarding potential liability, the court acts within its discretion when it denies the motion. *Hancock,* 619 F.Supp. at 327 (citing *Mid–South Grizzlies,* 720 F.2d at 780 and *United States v. Donlon,* 355 F.Supp. 220 (D.Del.), *aff'd without op.,* 487 F.2d 1395 (3d Cir.1973)). Moreover, the general rule does not apply if the non-moving party "has the information it seeks in its own possession or can get it from a source other than the movant." *Contractors,* 945 F.2d at 1263. Finally, if the non-moving party has had an adequate opportunity to discover the information, then summary judgment may be granted even if the information is solely in the possession of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986).

■ After a careful review of the parties' submissions, we conclude that Ms. Jeffries's request for a continuance should be denied. We first note that although information in DTTI's possession could shed additional light on the matter at issue, Ms. Jeffries, as the other half of the alleged employer-employee relationship, should be able to produce at least some evidence of the alleged employment relationship. Thus, we conclude that the information sought is not solely within DTTI's possession, and as a result, we decline to continue the motion on this ground. Second, we note the speculative and conjectural nature of Ms. Jeffries assertion regarding the identity of her employer. From her affidavit: "I do not believe [that DTTI is not my employer] since my former employer gave me a letter regarding my employment ... on letterhead bearing the name of [DTTI], and business cards issued by my former employer to me and other employees bore the name [DTTI] on them."

Of course, Ms. Jeffries's subjective opinion as to the identity of her employer is of little consequence; and when the subjective opinion of a plaintiff regarding a critical element of her case is the most persuasive proof she can offer, a Rule 56(f) continuance cannot be justified. *Hancock,* 619 F.Supp. at 327. Finally, we note that Ms. Jeffries filed the complaint over a year ago, and is still unable to produce evidence rebutting DTTI's affidavit. Under these circumstances, a Rule 56(f) order is clearly unwarranted. Accordingly, Ms. Jeffries's request for a continuance will be denied.

B. *DTTI's Motion for Summary Judgment*

■ Having denied the plaintiff's request for a continuance, we now turn to DTTI's motion for summary judgment. This Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, in deciding DTTI's motion, we must determine if Ms. Jeffries has established the existence of a genuine issue of fact. For an issue of fact to be genuine, the evidence must be such that a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. For a reasonable jury to find for the non-moving party, there must be more than a mere scintilla of evidence in that party's favor. *Id.* at 252, 106 S.Ct. at 2512. Additionally, if the non-moving party has the burden of proof on a particular element, that party must make a sufficient showing on that element to withstand a summary judgment motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Thus, summary judgment may be awarded if the evidence presented by the non-moving party is "merely colorable ... or is not significantly probative." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted).

■ As this is a Title VII claim, Ms. Jeffries must establish the existence of an employer/employee relationship. To deter-

mine if a party is an employee under Title VII, courts employ the common law agency test, which takes into account the totality of the circumstances while placing the "greatest emphasis on the hiring party's right to control the manner and means by which the work is accomplished." *Lattanzio v. Security Nat'l Bank*, 825 F.Supp. 86, 89 (E.D.Pa. 1993). Other factors a court may consider include the means of employment, the skill required, the source of the instrumentalities and tools, the location of the work, the duration of the relationship between the parties, the hiring party's right to assign additional duties, the hired party's discretion over hours, method of payment, the hired party's role in hiring and paying assistants, whether the work is part of the regular business of the hiring party, whether the hiring party is in the business, the provisions of employee benefits, and the hired party's tax treatment. *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 751–52, 109 S.Ct. 2166, 2178–79, 104 L.Ed.2d 811 (1989); *Lattanzio*, 825 F.Supp. at 89.

The only piece of evidence submitted to this Court in opposition to DTTI's motion for summary judgment is Ms. Jeffries' affidavit, in which she claims that DTTI's name appeared on letterhead and business cards she received from her former employer. However, Ms. Jeffries has submitted no evidence establishing either that DTTI had any control over the manner and means of her employment or that any of the other factors we may consider in determining the existence of an employer/employee relationship have been met. DTTI, on the other hand, has submitted evidence suggesting that it was not Ms. Jeffries' employer. Regarding the very letter submitted by Ms. Jeffries as evidence of an employment relationship, DTTI's COO states that while DTTI's name appears in the lower left corner of the stationery, the name Deloitte & Touche appears on the top. Moreover, in the text of the letter, Ms. Jeffries's employer identifies itself as Deloitte & Touche.[3] Thus, while the fact that DTTI's name appears on Deloitte &

Touche letterhead may imply that the two entities are related in some way, it is hardly probative of the fact Ms. Jeffries seeks to demonstrate. In the end, Ms. Jeffries has failed to produce a single shred of evidence that DTTI was her employer. *See Brennan v. National Tel. Directory Corp.*, 881 F.Supp. 986, 991 (E.D.Pa.1995) (awarding summary judgment to one of two Title VII defendants where plaintiff offered, as evidence of the alleged employment relationship, evidence that defendants shared a common president and that both company names appeared on a business card). Thus, because Ms. Jeffries has failed to create an issue of fact concerning whether DTTI was her employer, DTTI's motion for summary judgment must be granted.

## III. *CONCLUSION*

For the reasons stated above, Ms. Jeffries's motion for a continuance will be denied, while DTTI's motion for summary judgment will be granted. An appropriate order follows.

AND NOW, this 11th day of July, 1995, upon consideration of Plaintiff's Motion for Continuance pursuant to Fed.R.Civ.P. 56(f), and the response thereto, it is hereby ORDERED that said Motion is DENIED. It is further ORDERED, upon consideration of Defendant's Motion for Summary Judgment and the opposition thereto, that said Motion is hereby GRANTED.

---

**3.** The chief operating officer further avers that DTTI's name is on the Deloitte & Touche letterhead because the firm is a member of DTTI, and not because of any legal connection between the two entities.