Danielle **JEFFRIES**, Plaintiff,

v.

**DELOITTE TOUCHE TOHMATSU INTERNATIONAL**, Defendant.

No. 94–CV–3775.

United States District Court,
E.D. Pennsylvania.

Nov. 9, 1995.

H. Francis ·deLone, Jr., Philadelphia, PA, for Plaintiff.

Thomas P. Preston, Deborah Tate Pecci, Duane, Morris & Heckscher, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This employment discrimination case is before this Court today on motion of the plaintiff, Danielle Jeffries, who asks us to grant her relief from the summary judgment order we entered in favor of the defendant on July 13, 1995. *Jeffries v. Deloitte Touche Tohmatsu Int'l*, 893 F.Supp. 455 (E.D.Pa.1995). For the reasons that follow, the plaintiff's motion will be denied.

## I. BACKGROUND

On June 17, 1994, Ms. Jeffries filed a complaint in this Court, alleging that the defendant, Deloitte Touche Tohmatsu International ("DTTI"), unlawfully terminated her employment on account of her race. Counsel for DTTI contacted counsel for the plaintiff by letter on August 29, and requested that Ms. Jeffries submit an amended complaint. The letter notified counsel that since Ms. Jeffries's employer was Deloitte & Touche, and not DTTI, and since Deloitte & Touche and DTTI are legally distinct entities, the complaint should have named Deloitte &

Touche as the defendant. Ms. Jeffries refused to submit an amended complaint. Thus, on November 2, 1994, DTTI filed a motion to dismiss, and attached the affidavit of its Chief Operating Officer ("COO"), who stated that DTTI never employed Ms. Jeffries. Ms. Jeffries opposed DTTI's motion.

In light of the affidavit, this Court issued an Order on January 6, 1995, in which we converted DTTI's motion into one for summary judgment, pursuant to Rule 12(b).[1] In addition, we provided Ms. Jeffries with additional time in which to submit materials sufficient to create an issue of fact regarding whether DTTI was her employer. On June 1, 1995, Ms. Jeffries submitted a request for a continuance under Rule 56(f) and a supplemental memorandum in opposition to DTTI's motion, and attached an affidavit in which she stated that she believed that DTTI was her employer. Ms. Jeffries's belief was based on the letterhead and business cards provided to her by her former employer, which bore the name Deloitte Touche Tohmatsu International.

In our July 13, 1995 Memorandum and Order, we first denied Ms. Jeffries's motion for a continuance, noting both the speculative and conjectural basis on which she maintained that DTTI was properly a defendant and the fact that Ms. Jeffries had been allotted adequate time to produce some evidence of the employer-employee relationship. *Id.* at 458. We then awarded summary judgment in DTTI's favor, holding that Ms. Jeffries had failed to raise a genuine issue of fact regarding the identity of her employer. *Id.* at 459. On July 28, 1995, Ms. Jeffries submitted the instant motion pursuant to Rules 59 and 60 to amend the July 13 Order, and argues that the Court should have granted the plaintiff leave to amend her complaint so that she could name Deloitte & Touche as the defendant. We turn to address the merits of that motion now.

1. Rule 12(b) provides, in pertinent part, as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to

and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

## II. *DISCUSSION*

Ms. Jeffries bases her argument on a footnote in the Third Circuit's opinion in *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), where the court stated:

Since it may be difficult to determine whether the district court thought an amendment was possible and whether the plaintiff is willing or able to amend, we suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

*Id.* at 951 n. 1. Ms. Jeffries asserts that the spirit of Rule 15, which governs the amendment of pleadings, compels the conclusion that amendment of the complaint is appropriate in this case. Thus, the argument continues, the Court should have followed the procedure set forth in *Borelli* by stating expressly that Ms. Jeffries could amend her complaint within a given period of time.

■ While the motion is styled as one seeking an amendment to our July 14 Order, the amendment it requests is one that would have the effect of setting aside an order that rendered judgment against Ms. Jeffries. We therefore begin by examining whether we should allow Ms. Jeffries to amend her complaint in the post-judgment setting. In general, the rule is that "once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1489 (2d ed.1990); *see First Nat'l Bank v. Continental Illinois Nat'l Bank & Trust Co.*, 933 F.2d 466, 468 (7th Cir.1991) (presumption favoring liberal amendment of pleadings is reversed after judgment has been entered; movant must present compelling explanation for belated request to amend). Moreover, in the post-judgment context, we recognize that a number of courts have refused to allow for an amendment when the movant had ample opportunity to amend, but waited until after judgment before requesting leave to do so. *Omni Outdoor Advertising v. Columbia Outdoor Advertising*, 974 F.2d 502, 506 (4th Cir.1992); *First Nat'l*, 933 F.2d at 468–69.

■ Since Ms. Jeffries's motion was served fifteen days after the entry of judgment, her motion under Rule 59 must be rejected as untimely, since any motion to alter or amend the judgment under that rule must "be served not later than 10 days after the entry of the judgment." Rule 59(e). Thus, to the extent Ms. Jeffries's motion seeks an amendment to the July 13 Order, it must be denied. Ms. Jeffries is therefore left to seek relief under Rule 60, which provides, in pertinent part, as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b). Upon review of the events giving rise to this motion, however, we conclude that Rule 60(b) relief is unwarranted. The record reflects that Plaintiff filed her complaint on June 17, 1994. Rather than simply defend the complaint on the grounds that it never employed Ms. Jeffries, as it could have, DTTI extended counsel for Plaintiff the courtesy of a letter, dated August 29, which not only notified counsel that Ms. Jeffries's employer was Deloitte & Touche, but also requested that Ms. Jeffries submit the very amended complaint she now seeks to file. Inexplicably, Ms. Jeffries refused to submit the amended complaint.

■ More than two months later, on November 2, 1994, DTTI filed its motion to dismiss, attaching an affidavit that clearly articulated the nature of the legal relationships among DTTI, Deloitte & Touche and Ms. Jeffries. Ms. Jeffries could easily have

submitted an amended complaint at that time. Instead, she elected to hold fast to the notion that DTTI was her employer, forcing the Court needlessly to expend its resources resolving the parties' motions. Under these circumstances, we cannot conclude that Ms. Jeffries's conduct amounted to "excusable neglect," or that the information regarding the true identity of her employer was somehow "newly discovered." The record reflects that Ms. Jeffries was put on notice as to the identity of her employer more than 10 months prior to the entry of the summary judgment order. Thus, she had ample opportunity to amend her complaint prior to judgment. And while we recognize that Rule 15(a) embodies a liberal approach regarding the amendment of pleadings, we, like the Fourth Circuit, will not allow Plaintiff to employ it as an "avenue to escape the consequences of [her] earlier decision on how to litigate this case." *Omni,* 974 F.2d at 506. Accordingly, we hold that Ms. Jeffries is not entitled to relief under either Rule 59 or Rule 60, and as a result, we must deny her motion to amend the judgment order.